UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 02-80745

**MAGISTRATE JUDGE SNOW**

UNITED STATES OF AMERICA

    Plaintiff,

vs.

TWO PARCELS OF REAL ESTATE
LOCATED AT 15971 N 125 AVENUE,
JUPITER, PALM BEACH COUNTY,
FLORIDA, a/k/a 15971 MELLEN
LANE, AND 9643 PATRICIA LANE,
JUPITER, PALM BEACH COUNTY,
FLORIDA, INCLUDING THE
APPURTENANCES THERETO
AND THE IMPROVEMENTS THEREON,

    Defendants.
_____/

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, files this civil action for forfeiture *in rem* of the defendants and alleges as follows:

1. This is a civil action for forfeiture *in rem* of two parcels of real estate located in the Southern District of Florida in Palm Beach County. Jurisdiction is vested in this Court pursuant to Title 28, United States Code, Sections 1345, 1355, and 2461.

2. The Court has venue pursuant to Title 28, United States

1



Code, Section 1395, in that the defendant properties are located within the Southern District of Florida. During the pendency of these proceedings, the defendant properties will remain within the Southern District of Florida and the jurisdiction of this Court.

3. The defendant properties have not been seized, as provided for in 18 U.S.C. §985 (b)(1)(A), but are located within this district and within the jurisdiction of the Court. The properties will be posted with a notice of the complaint in accordance with 18 U.S.C. §§ 985 (c)(1),(c)(3).

4. The defendant real property located at 15971 N 125th Avenue, Jupiter, Palm Beach County, Florida, a/k/a 15971 Mellen Lane, includes all buildings, improvements, fixtures, attachments, and easements found therein or thereon, and is more particularly described as:

> A parcel of land situate, lying and being in Section 15, Township 41 South, Range 41 East, in Palm Beach County, Florida, more particularly described as follows:
>
> That part of the Easterly 803 feet of the Westerly 3048.03 feet of a parcel of land in said Section 15, as measured along the South line thereof, lying North of said South line and which South line has a bearing North 89° 57' 50" East and intersects the West Section line of said Section 15 at a point 5192.92 feet Northerly from the Southwest corner of said Section 15, as measured along said West Section line whose bearing is assumed to be North 0° 58' 49" East with the Easterly and Westerly lines of the parcel described herein parallel to said West Section line less, however, a canal right-of-way over the Northerly 50 feet thereof; subject to a road

2

> easement for ingress and egress over the Southerly 30 feet thereof and over the Westerly 40 feet thereof.
>
> SUBJECT TO comprehensive land use plans, zoning, restrictions, prohibitions and other requirements imposed by governmental authority; restrictions and matters appearing on the plat or otherwise common to the subdivision; public utility easements of record; and taxes accruing subsequent to December 31, 1999.
>
> TOGETHER WITH all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.
>
> Folio Number 00-41-41-15-00-000-1720

("Defendant property 1").

5. The defendant real property located at 9643 Patricia Lane, Jupiter, Palm Beach County, Florida, includes all buildings, improvements, fixtures, attachments, and easements found therein or thereon, and is more particularly described as:

> The West 314.72 feet of the East 3561.92 feet of the North One Quarter of the South One half of Section 7, Township 41 South, Range 42 East, lying and being in Palm Beach County, Florida.

("Defendant property 2").

6. The United States seeks forfeiture of the defendant real property pursuant to Title 21, United States Code, Section 881(a)(7), on the grounds that the defendant real property was used or intended to be used to commit or facilitate the commission of a federal law violation punishable by more than one year's imprisonment, conspiracy to manufacture and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and

3

846.

7. Beginning in August 2001, a confidential source ("CS1"), provided information to Special Agent Michael Bulgrin, Drug Enforcement Administration, concerning an organization that operated marijuana grow houses in northern Palm Beach County. CS1 identified various individuals as being part of the marijuana grow organization. As a result of the information provided by CS1, a search warrant was executed at property located at 16659 118th Terrace North, Jupiter, Palm Beach County. Agents found approximately twenty (20) pounds of hydroponically grown marijuana packaged in large plastic bags in empty fan boxes in the detached garage of the residence, $71,000 in United States currency, magazines showing how to grow marijuana hydroponically, and ledgers showing purchases of hydroponic grow equipment.

8. Several people were arrested including Confidential Source 2 ("CS2"). CS2 admitted to selling marijuana for another individual for $3,200.00 a pound. CS2 was indicted, pled guilty to conspiracy to manufacture and possess with intent to distribute marijuana, and consented to the forfeiture of his/her property.

9. CS1 identified the house located at 9643 Patricia Lane, Jupiter, Palm Beach County, Florida, Defendant property 2, as one of the residences utilized by the organization as a marijuana grow house. This house is titled in the name of S. Trauth Enterprises, Inc, a Florida corporation.

10. CS1 also identified 15971 N 125th Avenue a/k/a 15971 Mellen Lane, defendant property 1. CS1 advised agents that Scott Trauth had offered to rent the defendant property to him for the purpose of growing marijuana. CS1 did not rent the defendant property.

11. Defendant properties 1 and 2 are titled in the name of S. Trauth Enterprises, Inc., a Florida corporation. The president of S. Trauth Enterprises, Inc., is Scott Trauth.

12. Task Force agents debriefed CS2. CS2 provided information as to the marijuana grow operation, and identified certain residences used to grow marijuana. CS2 advised agents that he/she was introduced to the marijuana growing business by Brian Rowland. CS2 advised agents that Richard Schmidt helped run the organization and handled the electrical work at the grow houses. The electrical work included diverting the power at each residence to avoid excessive electric bills.

13. CS3 was debriefed by Special Agent Jeffrey Gambrell, Drug Enforcement Administration, and Agent Richard McAfee, Palm Beach County Sheriff's Office, on March 22, 2000. CS3 provided information on the marijuana grow operation. CS3 lived at Defendant property 2 and was responsible for the day to day maintenance of the marijuana at that property. In February and May 2001, CS3 participated in two harvests of marijuana at defendant property 2. Defendant property 2 was leased to Richard Schmidt,

5

Sr. by S. Trauth Enterprises, Inc., commencing November 24, 2000.

14. CS4 was debriefed by Task Force Agent Donald Voiret on May 7, 2002, and provided information on the marijuana grow operation. CS4 met Brian Rowland approximately 5 years earlier. Through Brian Rowland, CS4 met Richard Schmidt, Scott Trauth, Alan Filsinger and Alice Raynor. CS4 advised that he/she assisted in the harvesting of marijuana at various grow houses in North Palm Beach County, including the defendant property. CS4 assisted with harvesting marijuana one time at defendant property 1 along with Alan Filsinger and Alice Raynor, and others. CS4 also advised that he/she had seen the marijuana being grown in the garage of defendant property 2 and assisted with at least one harvest at that location. Present at that time were Scott Trauth, Brian Rowland, Richard Schmidt, and others.

15. According to CS4, the grow room at defendant property 1 was dismantled in January or February, 2002. The grow equipment was removed by CS4, Alan Filsinger, Alice Raynor, and others and placed in a rented U-Haul and transported to a property owned by Alan Filsinger in Lakeland, Florida.

16. On March 12, 2002, Detective Kristopher Gilbert, Detective Deputy Sheriff, Polk County Sheriff's Office obtained a state search warrant signed by Judge McDonald, Circuit Judge for Polk County, to search a box trailer located at 10111 Moore Road, Lakeland, Florida, a property owned by Alan Filsinger. Officers

from the Polk County Sheriff's Office narcotic's Unit and Agents from the Drug Enforcement Admininstration found in the box trailer equipment used for the indoor cultivation of marijuana.

17.     On May 29, 2002, Special Agent Jeff Gambrell, and Investigator Gerald Chaparro, West Palm Beach Police Department, interviewed CS5.  CS5 stated that he/she had known Richard Schmidt and Alice Raynor since childhood.  He/She was offered an ounce of marijuana to help Schmidt and others to harvest marijuana.  He/She helped harvest marijuana at Defendant property 1 one time and was given an ounce of marijuana for his/her assistance.  He/She also attended 2 harvests at Defendant property 2.

18.     On January 27, 2002, Task Force agents conducted a trash pull at 15971 N 125th Avenue a/k/a 15971 Mellen Lane, Defendant property 1.  Defendant property 1 was leased to Alan Filsinger by S. Trauth Enterprises, Inc., commencing January 1, 2001.  Agents found numerous marijuana stems.  The marijuana stems field-tested positive for THC, the active ingredient in marijuana.

19.     A second trash pull was conducted on February 10, 2002. Task Force Agents found 2 marijuana cigarettes and marijuana stems which field-tested positive for THC.

20.     On March 12, 2002, a federal search warrant was executed at Defendant property 1.  The following items were seized from the defendant property: approximately 1.5 pounds of marijuana, equipment commonly used for indoor marijuana cultivation

7

operations, $46,115.00 in United States currency, and 3 firearms. The occupants of the defendant property were identified as Alan Filsinger and Alice Raynor. Among the documents found at the defendant property were documents pertaining to other properties owned by Alan Filsinger in Lakeland, Florida, including the 10111 Moore Road, Lakeland, Florida property.

21. On March 12, 2002, a federal search warrant was executed at Defendant property 2. The following items were seized from the defendant property: 3 marijuana plants, narcotics paraphernalia, a grow light, and 23 grams of marijuana. According to CS 3 who was interviewed on March 22, 2002, the grow house at Defendant property 2 was dismantled prior to the execution of the search warrant on March 12, 2002.

22. On or about May 30, 2002, a Federal grand jury sitting in the Southern District of Florida returned a Superseding Indictment against Brian Rowland, Richard Schmidt, Alan Filsinger, Alice Raynor, and others, in the case of <u>United States v. Brian Rowland, et. al.</u>, 02-80061-CR-HURLEY(s), for violations of 21 U.S.C. §§846, 841, 856 and 18 U.S.C. §§ 1956 and 1957, covering a period from a time unknown but at least as early as in or about 1996 through April, 2002. On July 10, 2002, Brian Rowland pled guilty to conspiracy to manufacture and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§841(a)(1) and 846 and conspiracy to money launder in violation of 18 U.S.C. § 1956(h).

On July 30, 2002, Richard Schmidt pled guilty to conspiracy to manufacture and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§841(a)(1) and 846 and conspiracy to money launder in violation of 18 U.S.C. § 1956(h).

22. Based on the foregoing, the Defendant real properties have become and are forfeit to the United States of America pursuant to the provisions of 21 U.S.C. §881(a)(7).

### CONCLUSION

By reason of the foregoing, and pursuant to the provisions of Title 21, United States Code, Section 881, the Defendant real properties as described herein have become and are forfeit to the United States of America.

**WHEREFORE**, plaintiff, United States of America, requests the Court to declare the Defendant real properties condemned and forfeit to the United States of America, pursuant to Title 21, United States Code, Section 881, and further requests the Court to direct any and all persons having any claim to the Defendant real properties to file and serve their verified claims and answers as required by Title 18, United States Code, Section 983(a)(4) and the Supplemental Rules for Certain Admiralty and Maritime Claims, or suffer default thereof, together with such other and further relief as may be just.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

BY: *Antonia J. Barnes*
ANTONIA J. BARNES
Assistant U.S. Attorney
500 Australian Avenue
Ste. 400
West Palm Beach, Fl. 33401
Tel: (561) 820-8711
Fax. (561) 665-9785
Fla. Bar No. 261777

**VERIFICATION**

I, JEFFREY GAMBRELL, Special Agent for the Drug Enforcement Administration, declare under penalty of perjury as provided by 28 U.S.C. §1746, that the foregoing Complaint for Forfeiture In Rem is based on information known to me, and the facts alleged therein are true and correct to the best of my knowledge.

_____
SPECIAL AGENT JEFFREY GAMBRELL
DRUG ENFORCEMENT ADMINISTRATION

DATE: 8/6/02

# JS 44 CIVIL COVER SHEET
(Rev. 12/96)

02-80745 CIV-FERGUSON

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS** Two Parcels of Real Estate Located at 15971 N 125 Avenue, Jupiter, Palm Beach County, Florida, a/k/a 15971 Mellen Lane, and 9643 Patricia Lane, Jupiter, Palm Beach County, Florida, Including the Appurtenances Thereto and the Improvements Thereon

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Palm Beach County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**MAGISTRATE JUDGE SNOW**

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
AUSA Antonia J. Barnes
500 Australian Avenue, Suite 400
West Palm Beach, FL 33401
(561) 820-8711

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, (PALM BEACH), MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☒ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | A LABOR | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | | ☐ 720 Labor/Mgmt. Relations | B SOCIAL SECURITY |
| ☐ 195 Contract Product Liability | | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 861 HIA (1395ff) |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | A☐ 791 Empl. Ret. Inc. Security Act | ☐ 864 SSID Title XVI |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | FEDERAL TAX SUITS | ☐ 865 RSI (405(g)) |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 891 Agricultural Acts |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 892 Economic Stabilization Act |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | ☐ 893 Environmental Matters |
| | | B☐ 555 Prison Condition | | | ☐ 894 Energy Allocation Act |
| | | | | | ☐ 895 Freedom of Information Act |
| | | | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | | | ☐ 950 Constitutionality of State Statutes |
| | | | | | ☐ 890 Other Statutory Actions A OR B |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

21 USC, Section 881(a)(7) - Facilitation of Narcotics Violation

LENGTH OF TRIAL
via 5 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions): U.S. v. Brian Rowland, et al.   02-80061-CR-HURLEY/Vitunac(s)
JUDGE Daniel T.K. Hurley   DOCKET NUMBER

DATE 8/6/02
SIGNATURE OF ATTORNEY OF RECORD: Antonia J. Barnes, AUSA

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.